JOHN SIMPSON *v.* THE STATE.

1. EVIDENCE.— When a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of description must be proved, inasmuch as all are made essential to the identity.
2. THEFT.— In a trial for ordinary theft it is incumbent on the State to prove the value of the stolen property, notwithstanding it was currency such as the United States silver certificates.

APPEAL from the District Court of Bell. Tried below before the Hon. B. W. RIMES.

The case is indicated in the opinion. The evidence for the State was circumstantial so far as it tended to inculpate the appellant. When accused by the owner, the appellant denied the theft, but said he would rather give the owner fifty dollars than be charged with the crime, and paid to him two ten-dollar silver certificates and some other currency. The two certificates and another one which defendant had paid to a merchant had marks upon them by which the owner thought but was not certain he recognized them as three of the five certificates stolen from him.

*W. T. Shannon* and *W. R. Houston,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WINKLER, J.  The appellant being on trial charged with the theft of five silver certificates, United States currency bills, of the denomination and value of ten dollars each, and of the aggregate value of fifty dollars, it became a question whether the proof adduced on the trial was sufficient to support the descriptive averments in the indictment as to the silver certificates alleged to have been stolen. It is averred in the indictment that the five silver

certificates alleged to have been stolen were United States currency bills, and that each one of the silver certificates was of the denomination of ten dollars and of the value of ten dollars; and the aggregate value is also averred at fifty dollars.   It became necessary, in order to a conviction, that the State should substantiate by testimony these descriptive averments contained in the indictment,— first, that the silver certificates mentioned in the indictment, or a portion of them at least, had been issued by authority of the United States government, and secondly, that the silver certificates, or a portion of them at least, were of the value alleged in the indictment.

The court in its general charge having omitted to give the jury an appropriate charge on this subject, the defendant's counsel attempted to supply and correct the omission in the charge of the court by requesting that special instructions be given to the jury to the effect that every material allegation charged in the indictment must be proved or alleged.   This instruction was refused by the court.   The ground of the refusal being, as stated by the judge, that the law applicable to the case had been given in the general charge, counsel for the defendant requested other special instructions to be given to the jury calling their attention specially to the necessity that the proof must show that the silver certificates had been issued by authority of the United States government — that they were of the United States — and also that the silver certificates were of the value of ten dollars each as alleged, in order to warrant a conviction.   These instructions were also refused.   It is conceded that these several special instructions were in some respects inartistically framed, yet it is believed that they were sufficient to call the attention of the court to what we regard as an important omission in the general charge.

However this may be, we are of opinion that it was indispensable that the averments descriptive of the prop-

erty alleged to have been stolen, as set out in the indict-ment should have been proved substantially as averred, and that the jury should have been properly informed on this branch of the subject, as a part of the law of the case and whether requested or not. It cannot longer be considered an open question in this court that the descrip-tive averments incorporated in an indictment for the purpose of identifying the offense charged, as, for in-stance, for the purpose of identifying property alleged to have been stolen, must be proved as alleged; and the rule applies even when the averment of identity is unneces-sarily particular. *Warrington* v. *State*, 1 Texas Ct. App. 168; *Courtney* v. *State*, 3 Texas Ct. App. 382; *McGee* v. *State*, 4 id. 625; *Watson* v. *State*, 5 id. 11; *Hampton* v. *State*, 5 id. 463; *Allen* v. *State*, 8 id. 860.

Where a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of description must be proved; for they are all made essential to the identity. 1 Greenl. Ev. § 65. A plain application of the rule and the reason for it is given in the elementary works on evidence, as fol-lows: "In an indictment for stealing a *black* horse, the animal is necessarily mentioned, but the color need not be stated; yet if it is stated, it is made descriptive of the particular animal stolen, and a variance in the proof of the color is fatal." 1 Stark. Ev. 374; 1 Greenl. Ev. § 65.

In cases of theft of particular kinds of property, for example theft of a horse, which is punishable by confine-ment in the penitentiary without regard to the value of the horse, proof of value is of but little moment; but, in cases of theft generally, and when a particular punish-ment is not prescribed without regard to value, proof of value is necessary in order to determine the punishment; the law being that theft of property of the value of twenty dollars or over that amount is punishable as a felony by confinement in the penitentiary, not less than

two nor more than ten years (Penal Code, art. 735); whilst theft of property under the value of twenty dollars is punished by imprisonment in the county jail not exceeding one year, during which time the prisoner may be put to hard work, and by fine not exceeding five hundred dollars, or by such imprisonment without fine. Penal Code, art. 736; *Sheppard* v. *State,* 1 Texas Ct. App. 522.

Because of error in the failure of the court to charge the law of the case as made by the proofs, and because there is no pertinent evidence of the value of the property alleged to have been stolen, the court below should have granted the defendant a new trial. Other errors are complained of, which are not likely to arise on another trial; but for those pointed out above, the judgment must be reversed and the case remanded.

*Reversed and remanded.*